```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

THOMAS ROY MOORE,              )    NO. EDCV 07-1481-MMM(CT)
                               )
          Petitioner,          )    ORDER ACCEPTING
                               )    MAGISTRATE JUDGE'S
                               )    REPORT AND RECOMMENDATION
     v.                        )
                               )
JOHN MARSHALL, Warden,         )
                               )
          Respondent.          )
_____)
```

Pursuant to 28 U.S.C. § 636, the court has reviewed the entire file de novo, including the magistrate judge's report and recommendation, petitioner's objections, petitioner's supplemental filing regarding the California Supreme Court's decision in In re Lawrence, 44 Cal. 4th 1181 (2008), respondent's opposition to petitioner's request for reconsideration in light of In re Lawrence.

In Lawrence, the California Supreme Court addressed whether and when the circumstances of an inmate's commitment offense justify denial of parole under California law. The court clarified that the relevant inquiry is not whether the commitment offense was particularly egregious and is not "dependent solely upon whether the circumstances of the offense exhibit viciousness above the

minimum elements required for conviction of that offense." 44 Cal.4th at 1221. "Rather, [the court held,] the relevant inquiry is whether the circumstances of the commitment offense, when considered in light of other facts in the record, are such that they continue to be predictive of current dangerousness many years after commission of the offense." Id. The court held that "under the circumstances of the present case – in which the record is replete with evidence establishing petitioner's rehabilitation, insight, remorse, and psychological health, and devoid of any evidence supporting a finding that she continues to pose a threat to public safety – petitioner's due process and statutory rights were violated by the Governor's reliance upon the immutable and unchangeable circumstances of her commitment offense in reversing the Board's decision to grant parole." Id. at 1227. Petitioner contends that Lawrence "dictates relief in this case." (Pet. Suppl. Brief at 5).

Respondent contends that the Lawrence decision does not impact petitioner's request for habeas relief because it is a state law decision and does not constitute clearly established law as enunciated by the Supreme Court. See 28 U.S.C. § 2254(d)(habeas relief shall not be granted unless the state decision under review is contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, or involved an unreasonable determination of the facts). The United States Supreme Court has clearly established that federal due process requires that the parole board's findings be supported by "some evidence." See Superintendent, Mass. Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985); see also

2

Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006)(use of the some evidence standard in the parole context is clearly established by the Supreme Court). The Ninth Circuit has held that the federal court's analysis of whether there is "some evidence" supporting the parole decision "is framed by the statutes and regulations governing parole suitability determinations in the relevant state." Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007). Thus, although Lawrence is a decision by the California Supreme Court, the court's interpretation of California's parole statutes in Lawrence is relevant to the "some evidence" inquiry, which has been clearly established by the United States Supreme Court.

Lawrence, however, does not change the outcome in this case. The Board of Parole Hearings (the "Board") did not deny petitioner parole solely based on the facts of his commitment offense. Rather, among other things, the Board relied on the fact that petitioner had received rules violation citations for fighting since his last parole hearing. Petitioner's recent misconduct in prison constituted "some evidence" supporting the Board's determination that petitioner was unsuitable for release at the time of his hearing.

Petitioner requests an evidentiary hearing. However, an evidentiary hearing is not required where, as here, the relevant issues can be resolved with reference to the state record before the court and petitioner has not alleged facts, which, if proven, would entitle him to habeas relief. See Schrirro v. Landrigan, ___ U.S. ___, 127 S.Ct. 1933, 1940 (2007)("[I]f the record refutes the

applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). Accordingly, petitioner's request for an evidentiary hearing is denied.

Petitioner has also filed a motion to stay the proceedings and hold the petition in abeyance while he returns to state court. Apparently, petitioner wishes to raise his asserted grounds a second time in light of the Lawrence decision. Petitioner's motion for a stay was filed after the magistrate judge issued her report and recommendation and after petitioner filed both his objections and his supplemental brief concerning the Lawrence decision. The court finds no basis for a stay and petitioner's motion is denied.

This court concurs with the magistrate judge's report and recommendation. Accordingly, IT IS ORDERED:

1. The report and recommendation is accepted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: February 12, 2009

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

4